**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 07-1617

MARK R. LIPPMAN,         APPELLANT,

  V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS,    APPELLEE,

SAMMIE C. SWINGER,        INTERVENOR.

Before HAGEL, *Judge*

**O R D E R**

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

On February 26, 2009, through an administrative error, the Court issued an order granting veteran Sammie C. Swinger's October 1, 2007, motion to intervene. The Court regrets the error and will withdraw that order and issue this order in its stead.

On June 14, 2007, Mark R. Lippman filed a Notice of Appeal in this matter regarding the propriety of payment of attorney fees where he had been discharged by the veteran-claimant, Sammie C. Swinger. The proof of service submitted with the Notice of Appeal indicates that notice was served only on the Secretary, not on Mr. Swinger, who was a party to the June 11, 2007, Board of Veterans' Appeals (Board) decision on appeal. On June 20, 2007, Notice of Docketing was issued to Mr. Lippman and the Secretary. Mr. Swinger was not included in this notice.

On September 20, 2007, the Secretary submitted a copy of a September 20, 2007, letter from Kenneth Walsh, attorney for the Secretary, to Mr. Swinger, advising Mr. Swinger that Mr. Lippman had appealed the June 2007 Board decision. The letter included copies of Mr. Lippman's Notice of Appeal and the Notice of Docketing issued by the Clerk of the Court (Clerk). Mr. Walsh informed Mr. Swinger that he had the right to intervene in this matter by serving on all parties and filing with the Court notice to intervene. Mr. Walsh noted that Mr. Swinger's right to intervene required the service and filing of notice to intervene within 60 days of the Notice of Docketing, and that the notice to intervene should have been filed by August 20, 2007. Mr. Walsh continued: "Although you are unable to meet the August 20, 2007, deadline, the Court may accept your *Notice of Intent to Intervene* if it is filed reasonably soon." Sept. 20, 2007, Correspondence at 1. Mr. Walsh then advised Mr. Swinger that he represented the Secretary and could not give Mr. Swinger legal advice or represent him in the appeal.

On October 1, 2007, the Court received notice to intervene from Mr. Swinger. On October 25, 2007, the Clerk issued an order directing that the caption of this case be changed to reflect Mr. Swinger's status as intervenor. Mr. Swinger has since been designated as such in all documents related to this matter.

As a preliminary matter, the Court commends Mr. Walsh for notifying Mr. Swinger of the proceedings in this matter and of his rights as a party to the Board decision on appeal. Counsel for the Secretary's correspondence to Mr. Swinger struck the appropriate balance between advancing the Secretary's responsibility to veterans and respecting the transformation from a paternalistic to an adversarial relationship that necessarily exists between a veteran and VA when an action is filed in this Court.

The Court is troubled by many aspects of this matter. First, this is a civil case brought by Mr. Lippman seeking judicial review of an administrative decision that denied him a portion of the retroactive disability benefits that would otherwise be paid to his former client, Mr. Swinger. It should be clear, then, that not only was Mr. Swinger a party to the Board proceeding, but Mr. Swinger also has an interest in the outcome of this action, and his interest is in direct conflict with Mr. Lippman's. Mr. Lippman's failure to notify Mr. Swinger that he was appealing the June 2007 Board decision violates Rule 3(b) of the Court's Rules of Practice and Procedure (Rules), which requires that an appellant serve a copy of the Notice of Appeal on "any party ([other than the Secretary]) to the proceedings before the Board." U.S. VET. APP. R. 3(b).

Further, it appears to the Court that Mr. Lippman's failure to notify Mr. Swinger of the appeal comes perilously close to running afoul of the Court's Rules of Admission and Practice. Mr. Lippman is a frequent practitioner before this Court, and, as such, he is well aware that his conduct is generally governed by the Model Rules of Professional Conduct. *See* U.S. VET. APP. R. ADM. & PRAC. R. 4(a); *see also Barela v. Peake*, 22 Vet.App. 155, 159 (2008) (attorney appearing before this Court is expected to comply with Model Rules of Professional Conduct). Those rules prohibit a practitioner from "knowingly disobey[ing] an obligation under the rules of a tribunal." MODEL RULES OF PROF'L CONDUCT R. 3.4(c) (2008). Mr. Lippman was required by the Court's Rules to serve Mr. Swinger, as a party to the Board decision appealed by Mr. Lippman, with notice of that appeal, yet he failed to do so. The Court reminds Mr. Lippman that adherence to the Court's Rules is mandatory, and failure to comply with them may result in disciplinary action.

Next, the Court acknowledges its own error in accepting Mr. Swinger's untimely filed notice to intervene and ordering that the case caption be amended to reflect his status as intervenor. The matter should have been referred to chambers for action because Mr. Swinger's right to intervene was contingent upon his filing notice to intervene within 60 days of the date on which the Notice of Docketing was issued. U.S. VET. APP. R. 15(a). All other requests to intervene as of right after that time must be based on extraordinary circumstances, a finding which may only be made by a judge. *See* U.S. VET. APP. R. 15(c).

2

Rule 15(c) of the Court's Rules provides that, after the expiration of the time allowed to intervene as of right under Rule 15(a), intervention will only be permitted where extraordinary circumstances are present. U.S. VET. APP. R. 15(c). Because (1) Mr. Swinger was not initially notified of the appeal in this matter, due to Mr. Lippman's failure to comply with the Court's Rules; (2) the June 20, 2007, Notice of Docketing was not sent to Mr. Swinger; (3) Mr. Swinger was not notified of the appeal in this matter until the September 20, 2007, letter from the Secretary's counsel; and (4) Mr. Swinger filed his notice to intervene 11 days after the date of the Secretary's counsel's letter, the Court finds that extraordinary circumstances exist in this case. Therefore, Mr. Swinger will be granted the right to intervene under Rule 15(c).

The Court notes, however, that Mr. Swinger has not submitted a brief or otherwise communicated with the Court since the docket was erroneously changed to reflect his status as intervenor in October 2007. Accordingly, the Court will direct Mr. Swinger to submit either an informal brief, pursuant to Rule 28(i), or retain counsel to prepare and submit a brief in accordance with Rule 28(a). The brief should state Mr. Swinger's position regarding the payment of the disputed attorney fees in the amount of $7,525.40, and should also include any response to the Court's February 4, 2009, order requesting supplemental memoranda of law. For Mr. Swinger's convenience, a copy of that order and the Court's Rules are attached to this order. Mr. Swinger must submit his brief within 60 days after the date of this order.

Upon consideration of the foregoing, it is

ORDERED that the February 26, 2009, order is withdrawn. It is further

ORDERED that Mr. Swinger's motion to intervene is GRANTED. It is further

ORDERED that Mr. Swinger submit a brief in this matter, as described above, within 60 days after the date of this order. It is further

ORDERED that the Clerk of the Court send a copy of this order to the Director, Case Evaluation and Placement Component, Veterans Consortium Pro Bono Program

DATED: March 4, 2009                                    BY THE COURT:

                                                        /s/ Lawrence B. Hagel

                                                        LAWRENCE B. HAGEL
                                                        Judge